**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| MELISSA ALLEN, | * |
| Plaintiff, | * |
| v. | *     Case No.: GJH-18-3971 |
| | * |
| RBC CAPITAL MARKETS, LLC, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Melissa Allen ("Plaintiff"), a Maryland resident, brought this action in the Circuit Court of Montgomery County, Maryland against her former employer, RBC Capital Markets, LLC ("RBC"), alleging claims of defamation, race and gender discrimination, and failure to pay overtime wages in violation of Maryland law. ECF No. 1-3. On December 26, 2018, the same day that Plaintiff filed an Amended Complaint adding a claim against two of her former supervisors, Warren Bischoff and John Gerold (with RBC, "Defendants"), ECF No. 1-7, Defendants removed the action to this Court, ECF No. 1. The Court granted Plaintiff's Motion to Remand the case to state court on August 9, 2019, finding that the Court lacked subject matter jurisdiction because like Plaintiff, Bischoff and Gerold were Maryland citizens. ECF No. 19 at 6.[1] The Court rejected Defendants' argument that they were fraudulently joined. *Id.* Plaintiff now moves for an award of fees and costs for litigating her Motion to Remand, as well as for opposing a Motion to Dismiss that Defendants filed. ECF No. 22. Defendants move for leave to file a belated opposition to the motion and have submitted a brief. No hearing is necessary. *See*

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Loc. Rule 105.6. (D. Md.). For the following reasons, the Court will grant Defendants' motion for leave to file and will deny Plaintiffs' motion for fees.

## I. BACKGROUND

The following facts from the Amended Complaint and Defendants' Notice of Removal were recounted in greater detail in the Court's prior Memorandum Opinion. ECF No. 19. Plaintiff is a Chinese-American woman who worked for RBC in Chevy Chase, Maryland, where Bischoff and Gerold were her supervisors. *Id.* at 1. In July 2018, Gerold forwarded an email to Plaintiff from a client stating that he wanted $98,625 sent from his investment account with RBC to a checking account. *Id.* at 2. At Gerold's direction, Plaintiff and other RBC staff began executing the transaction. *Id.* Another member of the RBC staff, after realizing that there were insufficient funds in the client's account to complete the transfer, placed an order to sell stocks in the client's portfolio to raise the funds. *Id.* Plaintiff then submitted the wire transfer form, but the transfer was rejected because the name and account information for the transfer did not match. *Id.* at 3.

Plaintiff called the client about the issue and it was soon determined that a hacker had compromised the client's account and had requested the transfer by posing as the client. *Id.* Shortly thereafter, on August 2, 2018, Plaintiff was terminated by RBC. *Id.* The following day, Bischoff sent a text message to a colleague, Katherine Paguyo, and offered her Plaintiff's former position, which Paguyo declined, stating that she was angry about Plaintiff's termination. *Id.* Bischoff replied, "Don't be mad at me. I didn't wire $98,000 to a hacker. I tried to save her." *Id.* Additionally, RBC stated on a form submitted to the Financial Industry Regulatory Authority ("FINRA") that Plaintiff was terminated for "violation of the Firm's wire transfer policy." *Id.*; *see also* ECF No. 1-7 ¶ 38.

Plaintiff filed a complaint in state court against RBC on November 13, 2018. ECF No. 1-3. On December 26, 2018, Plaintiff filed an Amended Complaint adding Bischoff and Gerold as Defendants liable for defaming her. ECF No. 1-7. The defamation claim alleged that Bischoff's text message to Paguyo that Plaintiff had "wired $98,000 to a hacker" and the firm's statement to FINRA that Plaintiff was terminated for "violation of the Firm's wire transfer policy" were false and defamatory statements. *Id.* ¶¶ 73–79. On the same day that Plaintiff filed the Amended Complaint in state court, and before Bischoff and Gerold had been served with it, Defendants filed a notice of removal in this court, invoking the Court's diversity jurisdiction on the ground that RBC is a Minnesota company. ECF No. 1 ¶¶ 4–5; *see* ECF No. 19 at 3–4.

Plaintiff moved to remand the case to state court on January 9, 2019, ECF No. 9, while Defendants moved to dismiss the Amended Complaint for failure to state a claim on January 16, 2019, ECF No. 12. As the parties litigated the motions in parallel, a central disputed issue was how to account for the fact that Plaintiff, Bischoff, and Gerold were all Maryland residents, which ostensibly deprived the Court of diversity jurisdiction. Defendants maintained that because the defamation claims against Gerold and Bischoff were inadequately pleaded and meritless, it was clear that Plaintiff had fraudulently joined them in an attempt to avoid removal. Plaintiff responded that Defendants were conflating the standards and burdens of proof for motions to dismiss and fraudulent joinder by arguing that joinder is fraudulent whenever a plaintiff's claims against non-diverse parties lack merit.

The Court agreed with Plaintiff. In its analysis, the Court first noted that the fraudulent joinder standard requires a defendant to show "either that: (1) 'there is no possibility that the plaintiff would be able to establish a cause of action' against the non-diverse party, or (2) there has been 'outright fraud in the plaintiff's pleading of jurisdictional facts.'" ECF No. 19 at 5

3

(quoting *McFadden v. Fed. Nat'l Mortg. Ass'n*, 525 F. App'x 223, 227 (4th Cir. 2013)). Further observing the "heavy burden" parties bear to satisfy the first option, which requires "show[ing] that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor," the Court found that Plaintiff's defamation claim was sufficiently pleaded against Gerold and Bischoff to rebut the claim that she joined them fraudulently. *Id.* at 5–6 (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)). Without analyzing the plausibility of Plaintiff's claim in depth, the Court found that there was at least a "glimmer of hope" for success, a standard recognized by the Fourth Circuit in *Johnson v. American Towers, LLC*. *Id.* at 6 (quoting 781 F.3d 693, 704 (4th Cir. 2015)). The Court accordingly found that it lacked subject matter jurisdiction over the case and granted the motion to remand on August 8, 2019. *Id.* at 6; ECF No. 20.

Plaintiff filed the present Motion for Attorney's Fees and Costs and accompanying materials on August 21, 2019. ECF Nos. 22, 23. On October 17, 2019, Defendants moved for leave to file a belated response to Plaintiff's Motion, explaining that a series of inadvertent administrative errors led Defendants' counsel to miss the deadline to respond. ECF No. 24. Defendants thus requested permission to file a response by October 21, 2019, and filed a memorandum on that day opposing Plaintiff's request. ECF No. 25. Plaintiff has not opposed the motion for leave.

## II. DISCUSSION

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[2]

---

[2] Courts retain jurisdiction over the issues of costs and fees under § 1447(c) even when the case has already been remanded. *See Am. Capital Advance, LLC v. Gordon*, No. RWT 10cv2113, 2010 WL 5055810, at *2 & n.2 (D. Md. Dec. 3, 2010).

The Supreme Court has explained that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005); *see also Client Prot. Fund of Bar of Md. v. Hollis*, 412 F. App'x 597, 597 (4th Cir. 2011). Notably, "[j]udges in this District have denied attorneys' fees even when holding removal was improper." *Williams v. Burlington Coat Factory Warehouse Corp.*, No. PJM 17-1656, 2017 WL 3704620, at *2 (D. Md. Aug. 25, 2017).

Plaintiff here maintains that Defendants lacked an objectively reasonable basis for removal because Defendants were aware that Bischoff and Gerold were added as Defendants and were domiciled in Maryland, as their Notice of Removal indicated. ECF No. 23 at 2 (citing ECF No. 1 at 2 n.1). According to Plaintiff, the fraudulent joinder standard is so demanding that it was unreasonable for Defendants to proceed with a removal justified on the assertion that Plaintiff's defamation claim was meritless. *Id.* at 2–3. Defendants respond that even if their removal was improper, they had an objectively reasonable basis to remove and assert fraudulent joinder in light of what they saw as the facial inadequacy of Plaintiff's claim against Gerold and Bischoff. ECF No. 25 at 2–3. Defendants note that the Court made no conclusions about the merit of the defamation claim beyond that it had a "glimmer of hope" of success, and maintain that the difference between a claim that just barely meets that standard and one that fails to is so minimal that it was reasonable to remove and argue that the standard was not met here. *Id.* at 3–4.

The Court agrees with Defendants.[3] "[A] plaintiff has every right to do all that is possible, within the bounds of ethical constraints, to ensure that his case remains in state court; a

---

[3] The Court will also grant Defendants' Motion for Leave to file a belated response, ECF No. 24. The Court finds Defendants' explanation for their delay reasonable and Plaintiffs have not responded in opposition, let alone claimed any prejudice.

defendant has an equally defensible privilege to do all it can, under like constraints, to push or pull the action into federal court." *Feldman's Med. Ctr. Pharmacy, Inc. v. CareFirst, Inc.*, 959 F. Supp. 2d 783, 798 (D. Md. 2013) (alteration in original) (quoting *Sledz v. Flintkote Co.*, 209 F. Supp. 2d 559, 564 (D. Md. 2002)). While Defendants' fraudulent joinder claim lacked merit, it was not objectively unreasonable for Defendants to press it in this Court. Arguing that Plaintiff's defamation claim against her supervisors lacked even the smallest degree of merit is well within the bounds of typical and predictable behavior in adversarial litigation.

This case is also plainly distinct from the only remand case Plaintiff points to in which fees were awarded, *Hyatt v. Johns*, No. GJH-16-2912, 2016 WL 8673870 (D. Md. Oct. 14, 2016). There, seven of the same defense counsel's prior cases had been improperly removed in recent months and counsel had been warned that his conduct was bordering on sanctionable. *See id.* at *3; *see also Williams*, 2017 WL 3704620, at *2 (discussing *Hyatt*). No such pattern of impropriety is alleged or observed here. Finally, the Court is mindful of the Supreme Court's direction in *Martin* that a test for awarding fees in removal cases "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 140. The Court accepts Defendants' representation that they removed this case in good faith and not to cost Plaintiff time and resources. ECF No. 25 at 4–5. The fact that Defendants were minutes from filing their Notice of Removal when Plaintiff filed her Amended Complaint adds support to Defendants' claim that they simply sought to litigate this case in federal court and raised the fraudulent joinder argument in furtherance of that legitimate preference. *See* ECF No. 1 at 2 n.2. The Court will therefore decline to award fees and costs to Plaintiff.

**III.     CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees and Costs, ECF No. 22, will be denied, and Defendants' Motion for Leave to File Their Response, ECF No. 24, will be granted. A separate Order shall issue.


Date: February     10 , 2020                             /s/
                                                                    GEORGE J. HAZEL
                                                                    United States District Judge